## BRECKBILL v. STUTYMAN.

Where a note is made payable to bearer, possession is *prima facie* evidence of ownership, without proof of indorsement, and a denial of ownership should be sustained by evidence.

APPEAL *from Polk District Court.*

*Opinion by* GREENE, J. Conrad Stutyman filed his petition against Mary A. Breckbill, on a promissory note executed by her to M. McCall, or bearer, for two hundred dollars. The note was indorsed by McCall, to G. Berkley; subsequently one C. D. Ranking indorsed the note to the plaintiff. Judgment, in favor of plaintiff.

Breckbill v. Stutyman.

In the court below, the question was raised: " Can an indorsed note, when the answer denies that the plaintiff has any property, and when objection is made to its reception as evidence, be received without proof of the indorsement?" This question was determined in the affirmative, and it is now contended that the court erred in so deciding.

As the note was made payable to bearer no proof of indorsements was necessary. Possession of such a note, without regard to indorsements, is *prima facie* evidence of ownership, and a mere denial that plaintiff has any property in the note, without proof to that effect, is not sufficient. The fact that the note was indorsed by the payee and subsequently indorsed by a holder who was not connected by previous indorsements as indorsee, cannot change the character of the note, or make it less negotiable by mere delivery than it was when it passed from the hands of the maker. The maker promised to pay the amount named in the note to M. M. or *bearer;* that promise cannot be limited or enlarged by any indorser or holder of the note. The maker's liability to pay the note to the bearer, unless it appears that he is not the owner, cannot be impaired by any defect or broken link in the chain of indorsement.

It is true, as claimed by counsel for appellant, that a valid transfer can only be made by the person who is legally interested in the note; but it is equally true, *prima facie*, that the holder of the note payable to bearer is the person who is legally interested, and who has the right to transfer the same, either by delivery or by indorsement. In either case possession of a note is sufficient *prima facie* proof of the transfer. This question has been already decided by this court.

Judgment affirmed.

C. *Bates*, for appellant.

J. E. *Jewett*, for appellee.